Peck, J.
delivered the opinion of the court.
The parties have had a trial at law for the land in controversy, and Campbell has prevailed by connecting his entry with his grant. The want of connection between the grant and entry in the suit at law, was the only point before that court. Trousdale now brings this bill, alleging fraud, and praying to have the war *166 rant and entry put out of the way; they necessarily being applicable to the grant.
Trousdale has the elder grant, and this, if the entry of Campbell be inoperative, must prevail. The main objection to the entry pointed out in the pleadings is, that its date is anterior to the date of the warrant, and therefore the latter must be taken as having had no existence on the day of the entry, and that an entry without a warrant is void. The entry purports to have been made on the 23d of Sept. 1785. The warrant purports to have issued 30th Sept. 1785. The entry refers to the warrant by its number, 2420, and to the quantity of acres, 640. There would be no ambiguity but for the seeming inconsistency observable in those dates; and the question is, shall the doubt thus created defeat the entry?
In argument it is urged, that nothing can be averred against a record; the entry being a record must be taken as having been made on the day of its date, and that it is void if made without a warrant; and it being shown that the warrant had no existence on the 23d of September, 1785, all proceedings previous to the grant, must fail for the want of connection!
The. answer to this is, that both warrant and entry are matters of record. The one is of a grade in the scale of evidence as high as the other. It is the ‘duty of the court to reconcile them. There is as much authority for the existence of the warrant on the day of the entry, as there is against it. The officers to whom it belonged to issue warrants and make entries, must be taken as having discharged their duty. One making an entry is supposed to have had no influence over these officers. There is a mistake somewhere; but there is no proof of fraud. The board of commissioners passed these as valid documents; and this would be a circumstance, (though not conclusive,) to show that the *167 evidence before them established such a fitness, that the entry could not be defeated.
It is much more reasonable to infer mistake in one of these dates, than it is to presume a violation of duty and of obligation in the entry-taker. The entry of Campbell and Philips, being No. 1419, and that under which Trousdale claims, being 1560, is conclusive to show the entry of Campbell the elder. The object of the bill is to set aside an entry on slight grounds; which entry was made almost forty years before filing this bill. Time, with the circumstances, operates conclusively in favor of the defendant.
Decree affirmed.